No. 12,827.

UNION DEPOSIT COMPANY ET AL. *v*. DRISCOLL.

(26 P. [2d] 815)

Decided October 16, 1933. Rehearing denied November 20, 1933.

382

Mr. Moreland M. Humphreys, for plaintiffs in error.

Mr. J. F. Little, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The defendant in error, Mary Etta Driscoll, brought an action as plaintiff in the district court against the plaintiffs in error the Union Deposit Company and Ralph Young, and one Albert W. Norell as defendants. Four of her six alleged causes of action were eliminated by plaintiff's election exercised on motion made by defendants immediately after the jury had been sworn. The two remaining causes of action sounded in contract, and demanded $2,740 and $5,000 respectively. The specific facts so far as necessary will appear later in this opinion. Norell was not served with summons, no judgment was entered against him, and his appearance is not entered herein. A jury brought in a verdict against the company for each of the two aforesaid sums, and like verdicts against Young. Judgment was entered on the verdicts. The company and Young now seek reversal.

1. The company is a Colorado corporation doing a general banking and investment business in Denver. Miss Driscoll alleged, and her evidence tended to prove, that Young and Norell were agents of the company and as such had obtained from her the above mentioned sums—the $2,740 for deposit with the company and "to obtain for her a larger rate of interest than she then received on said sum," the $5,000 to pay for a $5,000 bond of the company. She charged breaches as to both. Counsel for the company and Young says that Young and Norell were not agents of the company, but were merely

employees of one Schulte, who, under a contract with the company, was the exclusive agent for the sale of its bonds. In this connection it is urged that under the contract neither Young nor Norell had any authority from the company. By the contract, however, the company expressly authorized Schulte to employ others as "subagents," and he so appointed each of them. Miss Driscoll had no notice of the contract or of any express limitations therein on the authority of the company's agents. Both Young and Norell, with the knowledge of the company, assumed to and did deal with Miss Driscoll as representatives of the company, which received the full benefit of their acts. There is no doubt that through their agency the company received from her $2,740 in cash at one time and additional values later.

2. Errors are assigned as to rulings on various motions and demurrers interposed by defendants to the plaintiff's pleadings; but, by answering over, any such errors would be waived except for questions as to the fundamental sufficiency of the alleged facts or as to jurisdiction. We hold that the demurrers to the replications were likewise properly overruled. Errors are also assigned as to curtailing in various instances the defendants' right of cross-examination. These matters are to be regulated by the sound discretion of the trial judge, and we find no abuse of that discretion. The same is true of the court's refusal to permit a handwriting expert, who was a witness for the defendants, to remain in the court room after an order for exclusion and segregation of witnesses had been entered on defendants' motion. It is also said that numerous errors were committed in the admission and rejection of specific evidence, all of which alleged errors have been duly considered; but, in view of the conclusion we announce in this opinion, it will not be necessary to refer specifically to any of those. It is sufficient to say that we find no prejudicial error in the rulings of the trial court in regard to the evidence.

3. Much stress is laid upon the fact that the signature of Miss Driscoll on the back of each of the five $1,000 bonds of the company, which according to the evidence were the bonds finally contracted to be sold to her, is genuine. The inference is drawn from the mere presence of the signature that thereby Miss Driscoll deliberately indorsed and assigned these bonds to the Colorado Outdoor Advertising Company, Inc., named on the back of each bond. But the signature was there long before the latter concern appeared on the scene. It was put on each of thirteen bonds, including these five, at the time and for the purpose of transferring them to the plaintiff in error company as collateral security for the note of $10,260 given by Miss Driscoll, but later surrendered by the company. It is apparent by simple inspection of the original five bonds that the name of the alleged assignee was not written with the same ink or in the same handwriting as the signature. We find no evidence whatsoever as to the circumstances surrounding the insertion of the assignee's name. It is testified that one Allen presented the bonds to the company for payment and it is shown that the company gave him its check payable to the alleged assignee in the sum of $4,500. How Allen got the bonds may possibly be conjectured, but it is not proved; for the burden of proving the defense pleaded by the plaintiffs in error in this connection was clearly not sustained.

In the oral argument counsel for the plaintiffs in error gave special emphasis to the contention that a power of attorney which purports to have been given to A. W. Norell by Miss Driscoll proves that Norell was agent for her and not for the plaintiff in error company. This does not follow. The record before us contains no indication that the existence of the alleged power of attorney was known to the officers or agents of the company until after the transactions here involved were complete. There is an utter lack of evidence that might or could properly connect the power of attorney with those

transactions. Neither Norell nor Allen was placed upon the witness stand, and to determine what was in their minds is now purely guesswork. If there was an attempt at overreaching Miss Driscoll in connection with the contractual relations between her and the company, she cannot be made to suffer by substituting mere suspicion for legal evidence that may not be available but cannot be dispensed with.

We find no error in the rulings of the district court. Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE CAMPBELL concur.